IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NOBLE HOUSE HOME FURNISHINGS LLC, | ) | Case No. 23-90773 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| BEST SELLING HOME DECOR FURNITURE, LLC, | ) | Case No. 23-90774 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LE POUF, LLC, | ) | Case No. 23-90772 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NH SERVICES LLC, | ) | Case No. 23-90775 (CML) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HEAVY METAL, INC., | ) | Case No. 23-90776 (CML) |
| | ) | |
| Debtor. | ) | |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ORDER
DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

> **Emergency relief has been requested.  Relief is requested not later than September 12, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on September 12, 2023, at 4:00 p.m. (prevailing Central Time).  Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility.  You may access the facility at (832) 917-1510.  Once connected, you will be asked to enter the conference room number.  Judge Lopez's conference room number is 590153.  Video communication will be by use of the GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Lopez's homepage.  The meeting code is "JudgeLopez".  Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's homepage.  Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state the following in support of this motion (this "Motion"):

## RELIEF REQUESTED

1. By this Motion, the Debtors respectfully request entry of an order, substantially in the form attached hereto (the "Order"), (a) directing procedural consolidation and joint administration of these Chapter 11 Cases and (b) granting related relief.

2. Specifically, the Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Debtor Noble House Home Furnishings LLC, and that the cases be administered under a consolidated caption as follows:

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>NOBLE HOUSE HOME FURNISHINGS LLC, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-90773 (CML) |

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Noble House Home Furnishings LLC (1671); Best Selling Home Decor Furniture, LLC (5580), Le Pouf, LLC (8197), NH Services LLC (9626), and Heavy Metal, Inc. (3124). The Debtors' service address in these Chapter 11 cases is 700 Milam Street, Suite 1300, Houston, TX 77002.

3. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code (defined below).

4. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Debtor Noble House Home Furnishings LLC to reflect the joint administration of these Chapter 11 Cases:

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below for procedural purposes only. **The docket in Case No. 23-90773 should be consulted for all matters affecting these cases, and all further pleadings and other papers shall be filed in and all further docket entries shall be made in such case**. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order: Noble House Home Furnishings LLC [Case No. 23-90773]; Best Selling Home Decor Furniture, LLC [Case No. 23-90774]; Le Pouf, LLC [Case No. 23-90772]; NH Services LLC [Case No. 23-90775]; Heavy Metal, Inc. [Case No. 23-90776].

**JURISDICTION AND VENUE**

5. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant

3

to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.

6. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The bases for the relief requested herein are sections 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1015(b) and 7008, and Rules 1015-1, 1075-1, and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules").

## GENERAL BACKGROUND

8. On September 11, 2023, (the "Petition Date"), the Debtors each commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

9. The Company is a distributor, manufacturer and retailer of indoor and outdoor home furnishings with distribution throughout e-commerce channels including partners such as Amazon, WalMart, Costco, Wayfair, Overstock, Target and Home Depot, fulfilling direct to consumer orders from its distribution centers. Family-owned since its founding in 1992, the Company designs, markets and sells products under several brands including Christopher Knight Home, NobleHouse, LePouf, OkiOki, Best Selling, and GDFStudio, and it leases offices, warehouses, and other sites in Texas, California, and Georgia. Including indoor and outdoor furnishings, the Company has a wide and diverse range of products, including over 100 categories of products and 8,000 core SKUs. The Company also sells through wholesale channels, primarily to the Big Box retailers – TJMaxx, Home Goods, Marshalls, Ross Stores and others.

10.     Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of Gayla Bella in Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "<u>First Day Declaration</u>"),[1] which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

## BASIS FOR RELIEF

11.     Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  FED. R. BANKR. P. 1015.  The Debtor entities that commenced these Chapter 11 Cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.  Furthermore, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these Chapter 11 Cases for procedural purposes.

12.     Joint administration for procedural purposes only is appropriate in the Debtors' cases.  Given the integrated nature of the Debtors' operations, joint administration will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings, and orders in these Chapter 11 Cases will affect each of the six Debtor entities.  Joint administration as requested herein will allow the U.S. Trustee and all parties in interest to monitor these Chapter 11 Cases efficiently and with greater ease, as all filings will be available on one docket rather than across multiple dockets.

13.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

Debtors' estates. In fact, parties in interest will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases. The entry of an order directing joint administration will reduce fees and costs by avoiding duplicative filings. Parties in interest will still receive notices as required in the Bankruptcy Rules and the Local Rules or pursuant to this Court's orders. Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

## EMERGENCY CONSIDERATION

14.     The Debtors request emergency consideration of the Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations and that any delay in granting the relief requested could hinder such operations and cause irreparable harm. This Motion requests relief from procedural rules and requirements that pertain to matters of immediate significance or which involve deadlines sooner than 21 days after the Petition Date. The requested relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines. The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested herein on an emergency basis.

## NOTICE

15.     Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules and Local Rules. The Debtors will provide notice of this motion to the following: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated

6

basis); (c) Wells Fargo Bank; (d) the parties holding secured claims against the Debtors; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the state attorneys general for states in which the Debtors conduct business; (i) governmental agencies having a regulatory or statutory interest in these cases; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d).  No other or further notice is needed in light of the nature of the relief requested.

[*Remainder of Page Intentionally Left Blank*]

DOCS_NY:48186.2 61051/002

## CONCLUSION

**WHEREFORE**, the Debtors request that the Court enter the attached Order granting the relief requested herein and such other and further relief as may be just and proper under the circumstances.

Dated: September 12, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Michael D. Warner*
Michael D. Warner (SBT 00792304)
Maxim B. Litvak (SBT 24002482)
Benjamin L. Wallen (SBT 24102623)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:  (713) 691-9407
mwarner@pszjlaw.com
mlitvak@pszjlaw.com
bwallen@pszjlaw.com

-and-

Richard M. Pachulski (pending *pro hac vice*)
Teddy M. Kapur (pending *pro hac vice*)
Gregory V. Demo (pending *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
rpachulski@pszjlaw.com
tkapur@pszjlaw.com
gdemo@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I certify that on September 12, 2023, a true and correct copy of the foregoing document was caused to be served via the Court's CM/ECF noticing filing system for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Michael D. Warner*
Michael D. Warner