**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| NOBLE HOUSE HOME FURNISHINGS, LLC,[1] | Case No. 23-90773 (CML) |
| Debtors. | (Joint Administration Pending) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE PAYMENT OF SHIPPERS AND WAREHOUSEMAN, AND (II) GRANTING RELATED RELIEF**

---

**Emergency relief has been requested. Relief is requested not later than September 12, 2023.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on September 12, 2023, at 4:00 p.m. (prevailing Central Time). Participation at the hearing will only be permitted by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's homepage. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's homepage. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state

the following in support of this motion (this "<u>Motion</u>"):

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Noble House Home Furnishings LLC (1671); Best Selling Home Decor Furniture, LLC (5580); Le Pouf, LLC (8197), NH Services LLC (9626), and Heavy Metal, Inc. (3124). The Debtors' service address in these Chapter 11 cases is 700 Milam Street, Suite 1300, Houston, TX 77002.

## RELIEF REQUESTED

1.      The Debtors respectfully request entry of an order, in substantially the form attached hereto (the "Order"): (a) authorizing the Debtors to pay certain shipper and warehouseman claims in the ordinary course of business on a postpetition basis, subject to the terms of this motion; and (b) granting related relief.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a), 363, 503(b), and 507(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 6003 and 6004, and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

4.      On September 11, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

DOCS_NY:48242.9

5.     The Company is a distributor, manufacturer and retailer of indoor and outdoor home furnishings with distribution throughout e-commerce channels including partners such as Amazon, WalMart, Costco, Wayfair, Overstock, Target and Home Depot, fulfilling direct to consumer orders from its distribution centers. Family-owned since its founding in 1992, the Company designs, markets and sells products under several brands including Christopher Knight Home, NobleHouse, LePouf, OkiOki, Best Selling, and GDFStudio, and it leases offices, warehouses, and other sites in Texas, California, and Georgia.  Including indoor and outdoor furnishings, the Company has a wide and diverse range of products, including over 100 categories of products and 8,000 core SKUs.  The Company also sells through wholesale channels, primarily to the Big Box retailers – TJMaxx, Home Goods, Marshalls, Ross Stores and others.

6.     Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these Chapter 11 cases is set forth in the *Declaration of Gayla Bella in Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"),[2] which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

## LIEN CLAIMS

7.     In the ordinary course of business, the Debtors engage certain vendors (the "Shippers") to transport or deliver its goods and materials (the "Materials") to the Debtors' distribution centers and warehouses and then ultimately to the Debtors' customers. Delivery of the Materials in a timely manner is integral to the Debtors' business. Additionally, the Debtors rely on certain additional vendors (collectively, the "Warehousemen" and together with the

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

Shippers, the "<u>S&W Claimants</u>") in the ordinary course of business to store Materials when not in transit.

8.      If the Debtors were to default on any obligation to the Warehousemen, the Warehousemen may assert a lien, attempt to take possession of the Debtors' property, or bar the Debtors' access to Materials stored at the Warehousemen's yards. In addition, under most state laws, a Shipper or a Warehouseman may have a lien on the goods in its possession,[3] which lien secures the charges or expenses incurred in connection with the transportation or storage of such goods.[4] As a result, certain S&W Claimants may refuse to deliver or release Materials or other property in their possession or control, as applicable, before the prepetition amounts owed to them by the Debtors (collectively, the "<u>S&W Claims</u>"), have been satisfied and their liens redeemed.[5]

9.      In the twelve months preceding the Petition Date, the Debtors paid approximately $160 million in S&W Claims. As of the Petition Date, the Debtors estimate that they have approximately $10 million of prepetition S&W Claims outstanding. To continue using the S&W Claimants transportation and storage services and have access to the Materials held or controlled thereby, the Debtors request authority to pay prepetition S&W Claims as they become due and payable and to continue paying S&W Claims in the ordinary course of business on a postpetition basis.

---

[3]     *See* Uniform Commercial Code § 7-209(a) ("A warehouse has a lien against the bailor on the goods covered by a warehouse receipt or storage agreement or on the proceeds thereof in its possession for charges for storage or transportation, including demurrage and terminal charges, insurance, labor, or other charges, present or future, in relation to the goods, and for expenses necessary for preservation of the goods or reasonably incurred in their sale pursuant to law.") (emphasis added).

[4]     By this motion, the Debtors do not concede that any liens (contractual, common law, statutory, or otherwise) described in this motion are valid, and the Debtors expressly reserve the right to contest the extent, validity, and perfection of any and all such liens, and to seek avoidance thereof.

[5]     For the avoidance of doubt, the S&W Claims include any amounts owed on account of any port or port authority related fees and taxes.

I.        **Proposed Conditions to Payment of S&W Claims.**

10.       Out of an abundance of caution, and in order to successfully implement the relief requested herein and to further their restructuring efforts, the Debtors also request that the Order authorize the Debtors to require that: (a) each S&W Claimant maintain or apply, as applicable, terms during the pendency of these chapter 11 cases that are at least as favorable as those terms existing as of the Petition Date, or on terms satisfactory to the Debtors in their reasonable discretion; (b) each S&W Claimant agree that such S&W Claimant shall not be permitted to cancel on less than 90 days' notice any contract or agreement pursuant to which it provides services to the Debtors (collectively, the "Customary Terms"), as a condition to receiving any payment under the Order; and (c) if a S&W Claimant, after receiving a payment under the Order, ceases to provide Customary Trade Terms (as defined below), then the Debtors may, in the reasonable exercise of their business judgment after consulting with the proposed DIP Agent, deem such payment to apply instead to any postpetition amount that may be owing to such S&W Claimant or treat such payment as an avoidable postpetition transfer of property. The Debtors also seek authority to require more favorable trade terms from any S&W Claimant as a condition to payment of any prepetition claim.

11.       If any S&W Claimant accepts payment for a prepetition obligation of the Debtors premised on compliance with the above conditions, and thereafter fails to comply with the Customary Terms (or such other terms agreed to by the Debtors), the Debtors request that such payment be deemed an avoidable postpetition transfer under section 549 of the Bankruptcy Code, and that such S&W Claimant be required to immediately repay the Debtors any payment made to such S&W Claimant on account of its asserted claim to the extent the aggregate amount of such payments exceeds the postpetition obligations then outstanding, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims or otherwise.

12.     Further, the Debtors seek authority to pay S&W Claims only to the extent each S&W Claimant agrees to continue supplying goods and services on terms that are acceptable to the Debtors in light of customary industry and historical practices (the "Customary Trade Terms"). The Debtors propose that a letter, substantially in the form of the letter attached as **Exhibit A** to the Proposed Order, be sent to S&W Claimants, which will govern the terms of the payment of S&W Claims and the parties' postpetition relationship, including the Customary Trade Terms agreed to with such S&W Claimant.

13.     Such a letter, once agreed and accepted by an S&W Claimant, shall be a legally binding contractual arrangement between the parties governing their commercial trade relationship (a "Trade Agreement"). The Debtors seek authority to enter into the Trade Agreements, if and at the time when they determine in the reasonable exercise of their business judgment that such an agreement is necessary to their postpetition operations. The Debtors also explicitly seek authority, following diligent efforts to enter into a Trade Agreement with a S&W Claimant, to make payments on account of such S&W Claimant's claims in the event that no Trade Agreement has been reached, if the Debtors determine, in the reasonable exercise of their business judgment, that failure to pay the S&W Claimant's claim is likely to result in irreparable harm or substantial disruption to the Debtors' business operations.

## BASIS FOR RELIEF

I.     **The Debtors Should Be Authorized to Pay the S&W Claims.**

    A.     **Failure To Timely Make Payment of the S&W Claims Would Threaten the Debtors' Ability to Operate and Subject the Debtors' Assets to The Perfection of Liens.**

14.     The relief requested by this motion is critical to protect the Debtors' business operations.  Specifically, failure to pay the S&W Claims would subject the Debtors' business operations to the possibility that creditors would assert liens on the Debtors' assets or otherwise

assert lien rights against the Materials, causing significant disruption to the Debtors' operations at this critical time. Moreover, pursuant to section 362(b)(3) of the Bankruptcy Code, the act of perfecting statutory liens, to the extent consistent with section 546(b) of the Bankruptcy Code, is expressly excluded from the protections afforded by the automatic stay. 11 U.S.C. § 362(b)(3). As a result, the S&W Claimants may be able to perfect liens or otherwise assert lien rights against the Debtors' assets notwithstanding the automatic stay under section 362 of the Bankruptcy Code.

15.     If the S&W Claimants were able to assert liens against the Debtors' assets, the results would be detrimental to the Debtors and all parties in interest. It is possible that the S&W Claimants could place liens on or assert lienholder rights against, among other things, the home furnishings and other Materials that are being shipped to the Debtors' retail partners for ultimate delivery to the retail customer. Any such assertion of lienholder rights against the Materials is likely to cause a significant disruption and attendant delays to the Debtors' operations. As such, the Debtors' revenues and their relationships with their retail partners could be placed in jeopardy absent the relief requested herein, risking diminution the Debtors' going concern value at this critical time. Accordingly, the Debtors submit that the payment of the S&W Claims is necessary to protect the Debtors' business and ensure that the Debtors are able to maximize the value of their estates during these chapter 11 cases.[6]

**B.      Payment of the S&W Claims Is a Sound Exercise of the Debtors' Business Judgment Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code.**

16.     Courts in the Fifth Circuit and elsewhere have recognized that it is appropriate to authorize the payment of prepetition obligations where necessary to protect and preserve the

---

[6]     Moreover, to the extent any S&W Claimant holds a valid secured claim, the Debtors may be required to pay such S&W Claimant in full as a condition to confirm a plan of reorganization. *See* 11 U.S.C. § 1129.

estate, including an operating business's going-concern value. *See, e.g.*, *In re CoServ*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) (authorizing payment of certain prepetition claims pursuant to "doctrine of necessity"); *In re Equalnet Commc'ns Corp.*, 258 B.R. 368, 369–70 (Bankr. S.D. Tex. 2000) (business transactions critical to the survival of the business of the debtor are exceptions to the general rule of nonpayment of prepetition claims prior to plan confirmation); *see also In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) ("The ability of a Bankruptcy Court to authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept."); *Armstrong World Indus., Inc. v. James A. Phillips, Inc., (In re James A. Phillips, Inc.)*, 29 B.R. 391, 398 (S.D.N.Y. 1983). In doing so, these courts acknowledge that several legal theories rooted in sections 105(a), 363(b), and 1107(a) of the Bankruptcy Code support the payment of prepetition claims as provided herein.

17.     Section 363(b) of the Bankruptcy Code permits a debtor, subject to court approval, to pay prepetition obligations where a sound business purpose exists for doing so. *See Ionosphere Clubs*, 98 B.R. at 175 (noting that section 363(b) provides "broad flexibility" to authorize a debtor to honor prepetition claims where supported by an appropriate business justification). In addition, under section 1107(a) of the Bankruptcy Code, a debtor in possession has, among other things, the "implied duty of the debtor-in-possession to 'protect and preserve the estate, including an operating business' going-concern value." *In re CEI Roofing, Inc.*, 315 B.R. 50, 59 (Bankr. N.D. Tex. 2004) (quoting *In re CoServ*, 273 B.R. at 497).

18.     Moreover, under section 105(a) of the Bankruptcy Code, "the Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code." 11 U.S.C. § 105(a); *see In re CoServ*, 273 B.R. at 497 (finding that sections

8

105 and 1107 of the Bankruptcy Code provide the authority for a debtor in possession to pay prepetition claims); *In re CEI Roofing, Inc.*, 315 B.R. at 56 (finding that "[b]ecause Congress has specifically provided that prepetition wage claims up to a certain amount per claim be elevated to priority status under § 503(1)(3)" the court's job is easier when it considers approval of such prepetition claims); *In re Mirant Corp.*, 296 B.R. 427, 429 (Bankr. N.D. Tex. 2003) (noting that non-payment of prepetition claims may seriously damage a debtor's business).

19.     The above-referenced sections of the Bankruptcy Code therefore authorize the postpetition payment of prepetition claims when the payments are critical to preserving the going-concern value of the debtor's estate, as is the case here. *See, e.g.*, *In re CoServ*, 273 B.R. at 497 ("[I]t is only logical that the bankruptcy court be able to use [s]ection 105(a) of the [Bankruptcy] Code to authorize satisfaction of the prepetition claim in aid of preservation or enhancement of the estate.").

20.     As described more fully above, the failure to honor the S&W Claims could have dire consequences on the Debtors' business operations. Absent the relief requested herein, the S&W Claimants could assert liens and related rights that could severely disrupt the Debtors' ordinary course operations. Based on these potentially value-destroying consequences, the Debtors submit that the relief requested herein represents a sound exercise of the Debtors' business judgment, is necessary to avoid immediate and irreparable harm to the Debtors' estates, maximizes the value of their estates, and is therefore justified under sections 105(a) and 363(b) of the Bankruptcy Code.

## II.     Cause Exists to Authorize the Debtors' Financial Intuitions to Honor Checks and Electronic Funds Transfers.

21.     The Debtors have sufficient funds to pay the amounts described in this motion in the ordinary course of business by virtue of expected cash flows from ongoing business operations

and anticipated access to cash collateral and proposed debtor in possession financing. In addition, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests as relating to an authorized payment in respect of the relief requested herein. Accordingly, the Debtors believe that checks or wire transfer requests, other than those relating to authorized payments, will not be honored inadvertently. Therefore, the Debtors respectfully request that the Court authorize and direct all applicable financial institutions, when requested by the Debtors, to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this Motion.

## EMERGENCY CONSIDERATION

22.     The Debtors request emergency consideration of the Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." An immediate and orderly transition into chapter 11 is critical to the viability of the Debtors' operations and any delay in granting the relief requested could hinder such operations and cause irreparable harm. The failure to receive the requested relief during the first twenty-one days of these Chapter 11 Cases could disrupt the Debtors' operations at this critical juncture and add needless costs to the administration of these cases. The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested herein on an emergency basis.

## WAIVER OF BANKRUPTCY RULES 6004(a) AND 6004(h)

23.     The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

DOCS_NY:48242.9

**RESERVATION OF RIGHTS**

24.     Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion or any order granting the relief requested by this motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

**NOTICE**

25.     Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules and Local Rules.  The Debtors

11

will provide notice of this motion to the following: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) Wells Fargo Bank; (d) the parties holding secured claims against the Debtors; (e) the United States Attorney's Office for the Southern District of Texas; (f) the Internal Revenue Service; (g) the United States Securities and Exchange Commission; (h) the state attorneys general for states in which the Debtors conduct business; (i) governmental agencies having a regulatory or statutory interest in these cases; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d).  No other or further notice is needed in light of the nature of the relief requested.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

**WHEREFORE**, the Debtors request that the Court enter the Order granting the relief requested herein and such other and further relief as may be just and proper under the circumstances.

Dated: September 12, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Michael D. Warner*

Michael D. Warner (SBT 00792304)
Maxim B. Litvak (SBT 24002482)
Benjamin L. Wallen (SBT 24102623)
440 Louisiana Street, Suite 900
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile:  (713) 691-9407
mwarner@pszjlaw.com
mlitvak@pszjlaw.com
bwallen@pszjlaw.com

-and-

Richard M. Pachulski (pending *pro hac vice*)
Teddy M. Kapur (pending *pro hac vice*)
Gregory V. Demo (pending *pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile:  (310) 201-0760
rpachulski@pszjlaw.com
tkapur@pszjlaw.com
gdemo@pszjlaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I certify that on September 12, 2023, a true and correct copy of the foregoing document was caused to be served via the Court's CM/ECF noticing filing system for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Michael D. Warner*

Michael D. Warner

13

DOCS_NY:48242.9