United States Bankruptcy Court
Southern District of Texas

**ENTERED**

July 18, 2024

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  | Chapter 11 |
|---|---|
| In re: | |
| NOBLE HOUSE HOME FURNISHINGS LLC,[1] | Case No. 23-90773 (CML) |
| Debtors. | (Jointly Administered) |

**ORDER APPROVING OMNIBUS CLAIMS OBJECTION
PROCEDURES, THE FILING OF SUBSTANTIVE OMNIBUS
CLAIMS OBJECTIONS, AND GRANTING RELATED RELIEF**
(Related Docket No. 447)

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(the "Debtors") for entry of an order (this "Order"), (a) approving the Objection Procedures

attached hereto as **Exhibit 1**, (b) authorizing the Debtors to assert substantive objections to claims

in an omnibus format pursuant to Bankruptcy Rule 3007(c), and (c) granting related relief, all as

more fully set forth in the Motion; and this Court having found that it has jurisdiction over this

matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with

Article III of the United States Constitution; and this Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

this Court having found that the relief requested in the Motion is in the best interests of the Debtors'

estates, their creditors, and other parties in interest; and this Court having found that the notice of

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers, are:  Noble House Home Furnishings LLC (1671); Best Selling Home Decor Furniture, LLC (5580), Le Pouf, LLC (8197), NH Services LLC (9626), and Heavy Metal, Inc. (3124).  The Debtors' service address in these Chapter 11 cases is 700 Milam Street, Suite 1300, Houston, TX 77002.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Motion is hereby **GRANTED** as set forth herein.

2.      Notwithstanding anything to the contrary in the Bankruptcy Code and Bankruptcy Rules, and pursuant to Bankruptcy Rule 3007(c), Bankruptcy Local Rule 3007-1, or the Complex Case Procedures, the Debtors may file Omnibus Objections that include objections to claims, including Administrative Expense Claims, on any basis provided for in Bankruptcy Rule 3007(d) and the Additional Grounds.

3.      The Debtors shall be authorized to file and prosecute any omnibus objections in accordance with the Objection Procedures attached hereto as **Exhibit 1**, which are hereby approved in every respect.

4.      The notice procedures described in the Objection Procedures shall be considered good and sufficient notice of each individual claim objection to the applicable claimant in the Omnibus Objections.

5.      Nothing in this Order shall obligate the Debtors to settle or pursue settlement of any particular claim. Settlements of claims may be negotiated and compromised by the Debtors in their sole discretion (subject to applicable law).

6.      For the avoidance of doubt, the Debtors may include scheduled claims in Omnibus Objections.

7.      The withdrawal of proof of claim form attached hereto as **Exhibit 2** (the "Withdrawal Form") is hereby approved, and a claim may be withdrawn at any time by filing the

4875-3899-1053.3 61051.002                                   2

Withdrawal Form with the Court or submitting an executed Withdrawal Form to the Debtors' Claims and Noticing Agent, Epiq, in accordance with the instructions therein.

8. The Debtors are authorized to object to up to 100 Claims in each Omnibus Objection filed with the Court.

9. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order, the Motion, or the Objection Procedures shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors to dispute or seek an estimation of any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an Administrative Expense Claim or other priority claim; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors', the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and Bankruptcy Local Rules are satisfied by such notice.

4875-3899-1053.3 61051.002                                    3

11.     The terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.     The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order in accordance with the Motion.

13.     This Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: July 18, 2024

_____
Christopher Lopez
United States Bankruptcy Judge

## **Exhibit 1**

### **Objection Procedures**

4875-3899-1053.3 61051.002

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| NOBLE HOUSE HOME FURNISHINGS LLC,[1] | Case No. 23-90773 (CML) |
| Debtors. | (Jointly Administered) |

**PROCEDURES FOR FILING OMNIBUS CLAIMS OBJECTIONS**

1. <u>Grounds for Omnibus Objections</u>. In addition to those grounds expressly set forth in 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the Debtors may file omnibus objections (each, an "<u>Omnibus Objection</u>") to claims, including Administrative Expense Claims, on the grounds (collectively, the "<u>Additional Grounds</u>") that such claims, in whole or in part:

   a) are inconsistent with the Debtors' book and records;

   b) fail to specify the asserted claim amount (or list the claim amount as "unliquidated", "unknown" or "undetermined");

   c) seek recovery of amounts for which the Debtors are not liable;

   d) are incorrectly or improperly classified;

   e) have been satisfied, resolved, or assumed by third parties during the course of the Cases or pursuant to Orders of this Court;

   f) have not been formally withdrawn by the claimant through the filing of a withdrawal of proof of claim form, substantially in the form attached to the Order as **Exhibit 2** or through the entry of a Court order indicating withdrawal of the claim;

   g) are filed against non-debtors, multiple Debtors, and/or the wrong Debtors;

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers, are:  Noble House Home Furnishings LLC (1671); Best Selling Home Decor Furniture, LLC (5580), Le Pouf, LLC (8197), NH Services LLC (9626), and Heavy Metal, Inc. (3124).  The Debtors' service address in these Chapter 11 cases is 700 Milam Street, Suite 1300, Houston, TX 77002.

    h)  fail to specify a Debtor against whom the claim is asserted;

    i)  are disallowed pursuant to section 502 of the Bankruptcy Code; or

    j)  fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation therefor.

2. <u>Form of Omnibus Objection</u>. Each Omnibus Objection will:

    a)  be numbered consecutively, regardless of basis;

    b)  describe the basic nature of the objection;

    c)  inform creditors that their rights may be affected by the objection.

    d)  identify the hearing date, if applicable, any deadline for responding to the Omnibus Objection, and related information.

3. <u>Supporting Documentation</u>. Each Omnibus Objections must include an affidavit or declaration that provides a factual basis for the objection to the claims, including from a party with knowledge of the Debtors' books and records and the manner in which they are maintained that states that the affiant or the declarant has reviewed the claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the claim on the Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the claim.  Additionally, each Omnibus Objection shall be served with a copy of these Objection Procedures.

4. <u>Claims Exhibits</u>. An exhibit listing the claims that are subject to the particular Omnibus Objection will be attached thereto. Each exhibit will include only the claims to which there is a common basis for the objection. Claims for which there is more than one basis for the objection may be referenced on each exhibit applicable thereto. Including a claim on one exhibit will not constitute a waiver of the Debtors' right to object to the claim on an additional basis or bases. The exhibits will include, without limitation, the following information alphabetized by claimant:

a) the claims that are the subject of the Omnibus Objection and, if applicable, the proof of claim number related thereto from the claims register;

b) the asserted amount of the claim;

c) the grounds for the objection(s); and

d) other information, as applicable, including: (i) the proposed classification of claims the Debtors seek to reclassify; (ii) the reduced claim amounts of claims the Debtors seek to reduce; or (iii) the surviving claims of claimants affected by the Omnibus Objection.

5. Notice and Service. Each Omnibus Objection will be filed with the Court and served (i) electronically using the Court's electronic filing system, and (ii) via first class mail, postage prepaid, upon the person designated on the claim as the person to receive notices, at the address so indicated and, if applicable, upon the claimant's attorney if such attorney has filed a formal appearance in the Cases upon such creditor.

6. Omnibus Claims Objection Hearings. Each Omnibus Objection may be set for hearing no less than 30 days after service of the Omnibus Objection (each, a "Hearing"), unless otherwise ordered by the Court.  In the Debtors' discretion, and after notice to the affected claimant, the Debtors may (without further order of the Court) adjourn the Hearing on the Omnibus Objection to a subsequent hearing date by filing a notice or statement on the record. For claims subject to an Omnibus Objection and with respect to which either no Response is filed in accordance with the proposed response procedures and no appearance is made at the Hearing or a Response is filed in accordance with the proposed response procedures but such Response is resolved prior to the Hearing, the Debtors may request at the Hearing that the Court enter an order granting the Omnibus Objection with respect to such claim. Contested claims for which a Response is filed in accordance with the proposed response procedures but such Response is not resolved prior to the Hearing and an appearance is made at the Hearing, may be heard at the Hearing or adjourned to a subsequent hearing date . If a subsequent hearing is determined to be necessary, the Debtors shall file with the

Court and serve on the affected claimants a notice of the hearing or announce such adjournment on the record. Notwithstanding the foregoing, nothing herein shall prejudice the Debtors' rights to seek entry of an order sustaining the Omnibus Objection as to any or all claims contained therein, as applicable. For the avoidance of doubt, following the Deadline for appliable claimants to respond to an Omnibus Objection, the Debtors may submit a proposed order sustaining such omnibus objection as to non-responding creditors and continue to prosecute the Omnibus Objection as to any timely responding claimants.

7.   Contested Matter. Each claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Court will be deemed a separate order with respect to such claim. The Debtors may, in their sole discretion and in accordance with other orders of this Court, and the provisions of the Bankruptcy Code and Bankruptcy Rules, settle the priority, amount, and validity of such contested claims without any further notice to or action, order, or approval of the Court.

## RESPONSES TO OMNIBUS OBJECTIONS

8.   Parties Required to File a Response. Any party who disagrees with an objection is required to file a Response in accordance with the procedures set forth herein and to appear at the Hearing (if any). If a claimant whose claim is subject to an Omnibus Objection does not timely file and serve a Response in compliance with the procedures below or fails to appear at the Hearing (if any), the Court may grant the objection with respect to such claim without further notice to the claimant.

9.   Response Contents. Each Response must contain the following (at a minimum):

   a)   a caption stating the name of the Court, the names of the Debtors, the case number, the Omnibus Objection to which the Response is directed, the name of the claimant, and if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

4875-3899-1053.3 61051.002                                    4

b) a concise statement setting forth the reasons why the Court should not grant the objection with respect to such claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c) a copy of other documentation or other evidence of the claim, to the extent not already included with the claimant's proof of claim, upon which the claimant will rely in opposing the objection; *provided* that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; and, *provided*, *further*, that the claimant shall disclose to counsel for the Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its claim, subject to appropriate confidentiality constraints;

d) a declaration or other statement of a person with personal knowledge of the relevant facts that support the Response; and

e) the following contact information for the responding party:

(i) the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Debtors, or the Debtors, should serve a reply to the Response, if any; and

(ii) the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the objection on the claimant's behalf.

10. <u>Filing and Service of the Response</u>. A Response will be deemed timely only if it is filed with the Court and served so that it is <u>*actually*</u> received by 4:00 p.m. (prevailing Central Time) on the day that is thirty (30) calendar days from the date the Omnibus Objection is served (the "<u>Response Deadline</u>"), unless as otherwise ordered by the Court, by the attorneys identified in the signature block to the appliable Omnibus Objection.

11. <u>Discovery</u>. If the Debtors determine that discovery is necessary in advance of a Hearing on an Omnibus Objection (if any), the scheduled Hearing (if any) will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.

12. Failure to Respond. A Response that is not filed and served in accordance with the procedures set forth herein may not be considered by the Court at any Hearing. **Absent reaching an agreement with the Debtors resolving the Omnibus Objection, failure to timely file and serve a Response as set forth herein or to appear at the Hearing (if any) may result in the Court granting the Omnibus Objection without further notice or hearing.** Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

13. Reply to a Response. The Debtors shall be permitted to file a reply to any Response one day prior to any Hearing with respect to the relevant Omnibus Objection.

## MISCELLANEOUS

14. Additional Information. Copies of these procedures, the Motion, the Order, or any other pleadings (the "Pleadings") filed in these Cases are available at no cost at the Debtors' restructuring website at https://dm.epiq11.com/case/noblehousehomefurnishings/info. You may also obtain copies of any of the Pleadings filed in these Cases for a fee at the Court's website at http://www.txs.uscourts.gov/bankruptcy. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.

15. Reservation of Rights. **NOTHING IN ANY OMNIBUS OBJECTION IS INTENDED OR SHALL BE DEEMED TO CONSTITUTE (A) AN ADMISSION AS TO THE VALIDITY OF ANY CLAIM AGAINST A DEBTOR ENTITY; (B) A WAIVER OF ANY RIGHT OF ANY DEBTOR OR THE DEBTORS TO DISPUTE ANY CLAIM ON ANY GROUNDS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN**

**OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE; (C) A PROMISE OR REQUIREMENT TO PAY ANY CLAIM; (D) AN IMPLICATION OR ADMISSION THAT ANY PARTICULAR CLAIM IS OF A TYPE SPECIFIED OR DEFINED IN THIS MOTION OR ANY ORDER GRANTING THE RELIEF REQUESTED BY THIS MOTION OR IN ANY OMNIBUS OBJECTION OR ANY ORDER SUSTAINING THE OMNIBUS OBJECTION; (E) A REQUEST OR AUTHORIZATION TO ASSUME ANY CONTRACT OR LEASE PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE; OR (F) A WAIVER OF ANY RIGHT OF ANY DEBTOR OR THE DEBTORS UNDER THE BANKRUPTCY CODE OR ANY OTHER APPLICABLE LAW.**

## Exhibit 2

**Form of Withdrawal of Proof of Claim**

4875-3899-1053.3 61051.002

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| NOBLE HOUSE HOME FURNISHINGS LLC,[1] | Case No. 23-90773 (CML) |
| Debtors. | (Jointly Administered) |

**WITHDRAWAL OF PROOF OF CLAIM OF [CLAIMANT]**
**(Claim No. ____)**

The claimant, [CLAIMANT], hereby withdraws with prejudice its Proof of Claim No. _____, filed

on [DATE] in Case No. _____, against Debtor _____.

Respectfully submitted this ___ day of ___, 2024.


By:   _____

Print Name: _____
Title: _____

[CLAIMANT]


Address: _____
Address: _____
City, State, Zip: _____

**This Claim Withdrawal Form may be submitted to the Debtors' Claims and Noticing Agent, Epiq, at the following:**

| If by email: | If by First Class Mail: | If by Overnight Mail or Hand Delivery: |
|---|---|---|
| NobleHouseHomeFurnishings @epiqglobal.com | Noble House Home Furnishings Claims Processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4419 Beaverton, OR 97076-4419 | Noble House Home Furnishings Claims Processing Center c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005 |

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification numbers, are:  Noble House Home Furnishings LLC (1671); Best Selling Home Decor Furniture, LLC (5580), Le Pouf, LLC (8197), NH Services LLC (9626), and Heavy Metal, Inc. (3124).  The Debtors' service address in these Chapter 11 cases is 700 Milam Street, Suite 1300, Houston, TX 77002.

4875-3899-1053.3 61051.002