**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NOBLE HOUSE HOME FURNISHINGS LLC, *et al.*[1] | ) ) | Case No. 23-90773 (CML) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**SUMMARY COVER SHEET TO THE FINAL FEE APPLICATION OF PROVINCE, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE AND PAYMENT OF FEES AND EXPENSES FOR THE PERIOD FROM SEPTEMBER 26, 2023 THROUGH JUNE 27, 2025**

| | | |
|---|---|---|
| **Name of Applicant:** | Province, LLC | |
| **Applicant's Role in Case:** | Financial Advisor to the Official Committee of Unsecured Creditors | |
| **Docket No. of Employment Order(s):** | Docket No. 246 | |
| **Interim Application (  )** **Final Application    (X)** | Final Fee Application | |
| | **Beginning Date** | **End Date** |
| **Time period covered by this Application for which interim compensation has not previously been awarded:** | September 26, 2023 | June 27, 2025 |
| **Were the services provided necessary to the administration of or beneficial at the time rendered toward the completion of the case?  (Y)** | | |
| **Were the services performed in a reasonable amount of time commensurate with the complexity, importance and nature of the issues addressed? (Y)** | | |
| **Is the requested compensation reasonable based on the customary compensation charged by comparably skilled practitioners in other non-bankruptcy cases? (Y)** | | |
| **Do expense reimbursements represent actual and necessary expenses incurred? (Y)** | | |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Noble House Home Furnishings LLC (1671); Best Selling Home Decor Furniture, LLC (5580), Le Pouf, LLC (8197), NH Services LLC (9626), and Heavy Metal, Inc. (3124). The Debtors' service address in these Chapter 11 cases is 700 Milam Street, Suite 1300, Houston, TX 77002.

| Compensation Breakdown for Time Period Covered by this Application | |
|---|---|
| **Total professional fees requested in this Application:** | $566,783.00 |
| **Total professional hours covered by this Application:** | 871.8 |
| **Average hourly rate for professionals:** | $650.13 |
| **Total paraprofessional fees requested in this Application:** | $4,129.00 |
| **Total paraprofessional hours covered by this Application:** | 14.6 |
| **Average hourly rate for paraprofessionals:** | $282.81 |
| **Total fees requested in this Application:** | $573,412.00[2] |
| **Total expense reimbursements requested in this Application:** | $1,972.64 |
| **Total fees and expenses requested in this Application:** | $575,384.64 |
| **Total fees and expenses awarded in all prior Applications:** | $570,771.64 |

**Plan Status**: No plan has been or will be filed in these cases.  The Debtors and the Official Committee of Unsecured Creditors (the "Committee") have agreed to a structured dismissal of these cases.  The Motion to Dismiss, having been filed, will be heard on June 27, 2025 at 1:00 p.m.

**Primary Benefits:** During the Fee Period, Province served as financial advisor to the Committee in all aspects of these chapter 11 cases, including (i) analyzing diligence requests, (ii) preparing materials for the investigation memo, (iii) analyzing historical financials, and (iv) preparing for and attending meetings with the Committee.

---

[2] Final fees requested in this Application includes $2,500.00 for fees to be incurred after the filing of this Application and through the hearing for the Debtors' motion to dismiss.

**PROVINCE, LLC**
**SUMMARY OF FEE STATEMENTS**
**DURING THE FINAL PERIOD**
**SEPTEMBER 26, 2023 THROUGH JUNE 27, 2025**

| Date Filed | Period | Fees | Expenses | Fees Paid | Expenses Paid | Balance (Fees & Expenses |
|---|---|---|---|---|---|---|
| 12/4/2023 Doc 263 | September 26, 2023 - October 31, 2023 | $408,898.00 | $886.74 | $408,898.00 | $886.74 | $0.00 |
| 1/2/2024 Doc 281 | November 1, 2023 - November 30, 2023 | $72,628.00 | $737.00 | $72,628.00 | $737.00 | $0.00 |
| 5/13/2024 Doc 409 | December 1, 2023 - February 29, 2024 | $66,822.00 | $327.80 | $66,822.00 | $327.80 | $0.00 |
| 9/3/2024 Doc 492 | March 1, 2024 - May 31, 2024 | $7,716.00 | $13.70 | $7,716.00 | $13.70 | $0.00 |
| 11/14/2024 Doc 584 | June 1, 2024 - August 31, 2024 | $7,805.00 | $5.50 | $7,805.00 | $5.50 | $0.00 |
| 12/20/2024 Doc 632 | September 1, 2024 - November 30, 2024 | $4,930.00 | $1.90 | $4,930.00 | $1.90 | $0.00 |
| Filed Herein | December 1, 2024 - May 31, 2025 | $2,113.00 | $0.00 | $0.00 | $0.00 | $2,113.00 |
| **Subtotal** | | **$570,912.00** | **$1,972.64** | **$568,799.00** | **$1,972.64** | **$2,113.00** |
| **Final Estimate** | | **$2,500.00** | | | | **$2,500.00** |
| **Grand Total** | | **$573,412.00** | **$1,972.64** | **$568,799.00** | **$1,972.64** | **$4,613.00** |

**PROVINCE, LLC**
**SUMMARY OF HOURS AND FEES BY PROFESSIONAL**
**DURING THE FINAL PERIOD**
**SEPTEMBER 26, 2023 THROUGH MAY 31, 2025[3]**

| Name of Professional Individual | Position of the Applicant, Prior Relevant Experience, Area of Expertise | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Sanjuro Kietlinski | Partner - Corporate restructuring and Investment banking. | $1,250 | 1.1 | $1,375.00 |
| Sanjuro Kietlinski | Principal - Corporate restructuring and Investment banking. | $1,180 | 22.6 | $26,668.00 |
| David Dachelet, Esq. | Principal and General Counsel - Corporate restructuring. Bar admission in 1998. | $1,060 | 0.4 | $424.00 |
| Sanjuro Kietlinski | Principal - Corporate restructuring and Investment banking. | $1,030 | 206.5 | $212,695.00 |
| Derrick Laton | Director - Financial analytics. | $680 | 50.2 | $34,136.00 |
| Arthur Almeida | Senior Associate - Investment banking. | $600 | 240.3 | $144,180.00 |
| Daniel Radi | Associate - Corporate finance. | $450 | 240.6 | $108,270.00 |
| Sebastian Fernandez | Analyst | $450 | 1.6 | $720.00 |
| Hunter Thompson | Senior Analyst - Investment banking. | $390 | 60.5 | $23,595.00 |
| Alex Byrne | Analyst | $320 | 16.0 | $5,120.00 |
| Christian Yeaton | Analyst | $300 | 32.0 | $9,600.00 |
| **Subtotal** | | | **871.8** | **$566,783.00** |
| **Paraprofessionals** | | **Hourly Billing Rate** | **Total Hours Billed** | **Total Compensation** |
| Eric Mattson | Matter Manager | $300 | 2.9 | $870.00 |
| Beth Robinson | Paralegal | $290 | 5.0 | $1,450.00 |
| Eric Mattson | Paralegal | $270 | 5.6 | $1,512.00 |
| Laura Conn | Matter Administrator | $270 | 1.1 | $297.00 |
| **Subtotal** | | | **14.6** | **$4,129.00** |
| | | | **Fee Statement Hours** | **Total Compensation** |
| **Grand Total** | | | **886.4** | **$570,912.00** |

---

[3] Final fees requested in this Application includes $2,500.00 for fees to be incurred after the filing of this Application and through the hearing for the Debtors' motion to dismiss.

.

**PROVINCE, LLC**
**SUMMARY OF HOURS AND FEES BY MATTER CATEGORY**
**DURING THE FINAL PERIOD**
**SEPTEMBER 26, 2023 THROUGH MAY 31, 2025**[4]

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Business Analysis / Operations | 628.0 | $392,357.00 |
| Case Administration | 4.6 | $2,981.00 |
| Claims Analysis and Objections | 10.9 | $7,847.00 |
| Committee Activities | 136.3 | $85,611.00 |
| Court Filings | 1.8 | $1,042.00 |
| Court Hearings | 1.1 | $477.00 |
| Fee / Employment Applications | 36.9 | $25,803.00 |
| Financing Activities | 53.3 | $42,637.00 |
| Litigation | 0.5 | $515.00 |
| Sale Process | 13.0 | $11,642.00 |
| **Grand Total** | **886.4** | **$570,912.00** |

---

[4] Final fees requested in this Application includes $2,500.00 for fees to be incurred after the filing of this Application and through the hearing for the Debtors' motion to dismiss.

.

**PROVINCE, LLC**
**SUMMARY OF EXPENSES BY CATEGORY**
**DURING THE FINAL PERIOD**
**SEPTEMBER 26, 2023 THROUGH MAY 31, 2025**

| Expense Category | Description | Total Expenses |
|---|---|---|
| Meals | Working meals. | $671.74 |
| Miscellaneous | Research fees. | $1,300.90 |
| **Total Expenses** | | **$1,972.64** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NOBLE HOUSE HOME FURNISHINGS LLC, *et al.*[1] | ) ) | Case No. 23-90773 (CML) |
| | ) | |
| Debtors. | ) | |
| | ) | |

**FINAL FEE APPLICATION OF PROVINCE, LLC AS FINANCIAL ADVISOR**
**TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR**
**ALLOWANCE AND PAYMENT OF FEES AND EXPENSES FOR THE PERIOD**
**FROM SEPTEMBER 26, 2023 THROUGH JUNE 27, 2025**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* (the "Administrative Order"), Province, LLC ("Province" or the "Firm"), financial advisor for the Official Committee of Unsecured Creditors (the "Committee"), hereby submits this final fee application (the "Application"), for compensation in the amount of $573,412.00 and for reimbursement of expenses for in the amount of $1,972.64 for a total allowance of $575,384.64 for the period from September 26, 2023 through June 27, 2025.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Noble House Home Furnishings LLC (1671); Best Selling Home Decor Furniture, LLC (5580), Le Pouf, LLC (8197), NH Services LLC (9626), and Heavy Metal, Inc. (3124). The Debtors' service address in these Chapter 11 cases is 700 Milam Street, Suite 1300, Houston, TX 77002.

1

Province seeks approval and payment of the outstanding balance of all amounts not paid to date.  In addition, Province reserves its right to file a supplement to this Application prior to the hearing date to submit additional fees and expenses not previously included in this Application, but incurred prior to the date of the hearing on the Application, such as fees incurred in preparing this Application that exceed the estimate made herein.

Pursuant to Local Bankruptcy Rule 2016-1, this Application is supported by the Certification of Sanjuro Kietlinski which is annexed hereto as **Exhibit A**.  In support of this Application, Province respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Province confirms its consent to the Court entering a final order in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 330, 331 and 1103 of the Bankruptcy Code, Rule 2016 of the Federal Rules, Local Rule 2016-1 of the Local Rules, and the Interim Compensation Order.

## BACKGROUND

4.      On September 11, 2023, the Debtors and certain of its affiliates and subsidiaries each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court.  The Debtors are authorized to operate their businesses and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11 Cases.

5.     On September 21, 2023, the Office of the United States Trustee for the Southern District of Texas (the "U.S. Trustee") appointed the Committee pursuant to Section 1102 of the Bankruptcy Code.  The Committee consists of the following members: (i) DEV Property NJ LLC c/o EQT Exeter; (ii) Ha Thanh Import-Export Company Limited; (iii) Jiang Su Chairone Home Furniture Co., Ltd.; (iv) FedEx Corporate Services, Inc.; (v) Phu Tai Joint Stock Company; (vi) Wegsman Furniture Industries SDN BHD; and (vii) Eco Tech Co., Ltd.

## RETENTION OF PROVINCE

6.     On September 26, 2023, the Committee held a meeting and selected Province to serve as financial advisor to the Committee in these cases, subject to Court approval.

7.     On October 25, 2023, the Committee filed its *Application for Approval of the Employment of Province, LLC as Financial Advisor to the Official Committee of Unsecured Creditors, Effective as of September 26, 2025* (the "Retention Application").

8.     On November 21, 2023, this Court entered the *Order Approving Application for Approval of the Employment of Province, LLC as Financial Advisor to the Official Committee of Unsecured Creditors, Effective as of September 26, 2025* (the "Retention Order").

9.     The Retention Order authorizes the Debtors to compensate and reimburse Province in accordance with the Bankruptcy Code, the Federal Rules, the Local Rules, and any Orders entered in these cases.  The Retention Order also authorizes the compensation of Province at Province's standard hourly rates and the reimbursement of Province's actual and necessary out-of-pocket expenses incurred, subject to application to this Court.

## INTERIM COMPENSATION ORDER

10.     On September 25, 2023, the Debtors filed the *Debtors' Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for* (the "Interim Compensation Motion"), and on October 25, 2023, the Court entered the Administrative Order.

11.     The Administrative Order sets forth the procedures for interim compensation and reimbursement of expenses in these Chapter 11 Cases.  Specifically, the Interim Compensation Order provides that a Retained Professional (as defined in the Interim Compensation Motion) may file and serve an Interim Fee Application (as defined in the Interim Compensation Order) on or before the 45th day following the end of the Interim Fee Period (as defined in the Interim Compensation Order), or as soon as reasonably practicable thereafter.  Provided that no objections to the Interim Fee Application are filed on or before the fourteenth (14th) day after service of an Interim Fee Application, the Court may, in its discretion, approve an uncontested Interim Fee Application.  If approved, the Debtors are authorized to pay such Retained Professional all allowed fees and expenses that have not previously been paid (including the 20% "holdback" under the Monthly Fee Statement process).

### PROVINCE'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Previously Filed Fee Applications Covered Herein

12.     The previously filed fee applications for the period from September 26, 2023 through November 30, 2024 of Province have been filed and served pursuant to the Administrative Order and are incorporated herein by reference.  Orders have been entered for the Interim Fee Applications for the periods from September 26, 2023 to November 30, 2024. [*See* ECF 353, 448, 542, 611 & 647]

4

13.     The previously filed fee applications covered by this Application contain detailed daily time logs describing the actual and necessary services provided by Province during the Final Fee Period, as well as other detailed information required to be included in fee applications.

14.     All services for which Province requests compensation were performed for or on behalf of the Committee.

15.     Province has received no payment and no promises for payment from any source other than the estate for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Province and any other person other than the employees of Province for the sharing of compensation to be received for services rendered in these cases.  Province has received no retainer in this matter.

**Previously Unfiled Fee Period**

16.     Province seeks allowance of compensation and payment for professional services rendered to the Committee during the previously unfiled fee period of December 1, 2024 through May 31, 2025 (the "Unfiled Fee Period") in the aggregate amount of $2,113.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $0.00.

17.     For the Unfiled Fee Period, attached as **Exhibit B** is a list of professionals providing services; their respective billing rates; the aggregate hours expended by each professional; a general description of services rendered, summarized by project category; a fee summary; detailed time records with a description of the services performed by each professional and the time expended; and a summary and detail of out-of-pocket expenses incurred.

**FEE STATEMENTS DURING THE FINAL PERIOD**

| Date Filed | Period | Fees | Expenses | Fees Paid | Expenses Paid | Balance (Fees & Expenses |
|---|---|---|---|---|---|---|
| 12/4/2023 Doc 263 | September 26, 2023 - October 31, 2023 | $408,898.00 | $886.74 | $408,898.00 | $886.74 | $0.00 |
| 1/2/2024 Doc 281 | November 1, 2023 - November 30, 2023 | $72,628.00 | $737.00 | $72,628.00 | $737.00 | $0.00 |
| 5/13/2024 Doc 409 | December 1, 2023 - February 29, 2024 | $66,822.00 | $327.80 | $66,822.00 | $327.80 | $0.00 |
| 9/3/2024 Doc 492 | March 1, 2024 - May 31, 2024 | $7,716.00 | $13.70 | $7,716.00 | $13.70 | $0.00 |
| 11/14/2024 Doc 584 | June 1, 2024 - August 31, 2024 | $7,805.00 | $5.50 | $7,805.00 | $5.50 | $0.00 |
| 12/20/2024 Doc 632 | September 1, 2024 - November 30, 2024 | $4,930.00 | $1.90 | $4,930.00 | $1.90 | $0.00 |
| Filed Herein | December 1, 2024 - May 31, 2025 | $2,113.00 | $0.00 | $0.00 | $0.00 | $2,113.00 |
| **Subtotal** | | **$570,912.00** | **$1,972.64** | **$568,799.00** | **$1,972.64** | **$2,113.00** |
| **Final Estimate** | | **$2,500.00** | | | | **$2,500.00** |
| **Grand Total** | | **$573,412.00** | **$1,972.64** | **$568,799.00** | **$1,972.64** | **$4,613.00** |

**SUMMARY OF SERVICES**

18.     The employees of Province who have rendered professional services during the Final Fee Period in these cases are as follows: Sanjuro Kietlinski, David Dachelet, Derrick Laton, Arthur Almeida, Daniel Radi, Sebastian Fernandez, Hunter Thompson, Alex Byrne, and Christian Yeaton.

19.     During the Final Fee Period, the Committee relied heavily on the experience and expertise of the above-named persons in dealing with matters described in detail below.  As a result, Province's highly skilled restructuring and bankruptcy professionals devoted significant time and effort to perform properly and expeditiously the required professional services.

20.     A summary of some of the more significant services rendered by Province during the Final Fee Period follows.  This summary is divided according to the project categories used by

6

Province in its billing in these cases.  A detailed time log of all tasks performed by Province during the Unfiled Fee Period is set forth on **Exhibit B** hereto.

## PROFESSIONAL SERVICES BY CATEGORY DURING THE FINAL PERIOD

21.     Province classified all services performed for which compensation is sought into separate categories.  Summarized below is a description of the services provided by Province to the Committee during the Final Period in each significant service area.

22.     The following summaries are intended to highlight key services rendered by Province during the Final Period in certain project billing categories where Province has expended a considerable number of hours on behalf of the Committee, are not meant to be a detailed description of all the work performed by Province.

A.     **Business Analysis / Operations**

| | | |
|---|---|---|
| **Unfiled Fees:** | **$625.00** | **Total Hours:  0.5** |
| **Final Fees:** | **$392,357.00** | **Total Hours:  628.0** |

23.     Incorporated within this project category is time spent by Province personnel in connection with the evaluation and analysis of certain aspects of the Debtor's business and industry of operation.  The work performed in this task code was necessary for the Committee to be informed on the Debtors' historical and future operating performance and strategy.

B.     **Case Administration**

| | | |
|---|---|---|
| **Unfiled Fees:** | **$0.00** | **Total Hours:  0.0** |
| **Final Fees:** | **$2,981.00** | **Total Hours:  4.6** |

24.     Incorporated within this project category is time incurred by Province personnel while performing various administrative tasks that do not clearly fit into other categories.

**C.**    **Claims Analysis and Objections**

    **Unfiled Fees:**    **$0.00**        **Total Hours:  0.0**

    **Final Fees:**    **$7,847.00**      **Total Hours:  10.9**

25.    Incorporated within this project category is time incurred by Province personnel while performing various functions directly related to the preliminary analysis and estimate of potential claims, including administrative and general unsecured claims.

**D.**    **Committee Activities**

    **Unfiled Fees:**    **$0.00**        **Total Hours:  0.0**

    **Final Fees:**    **$85,611.00**     **Total Hours:  136.3**

26.    Incorporated within this project category is time incurred by Province personnel while performing various functions directly related to preparing for, meeting with, and corresponding with the Committee of these Chapter 11 Cases. Province provided updates summarizing various analyses to the Committee and provided recommendations with regards to the Committee's position and next steps.

**E.**    **Court Filings**

    **Unfiled Fees:**    **$0.00**        **Total Hours:  0.0**

    **Final Fees:**    **$1,042.00**      **Total Hours:  1.8**

27.    Incorporated within this project category is time incurred by Province personnel while performing various functions directly related to reviewing, evaluating and commenting on the Debtors' motions and orders filed on the docket, including analysis of various motions and proposed orders.

**F.**   **Court Hearings**

|                     |           |                    |
| Unfiled Fees:       | $0.00     | Total Hours:  0.0  |
| Final Fees:         | $477.00   | Total Hours:  1.1  |

28.     Incorporated within this project category is time incurred by Province personnel while preparing for and participating in hearings of the Debtors.

**G.**   **Fee / Employment Applications**

|                     |             |                    |
| Unfiled Fees:       | $1,488.00   | Total Hours:  1.3  |
| Final Fees:         | $25,803.00  | Total Hours:  36.9 |

29.     Incorporated within project category is time incurred by Province personnel while performing various functions directly related to the employment application, monthly fee statements, and interim fee applications of Province for these chapter 11 cases.

**H.**   **Financing Activities**

|                     |             |                    |
| Unfiled Fees:       | $0.00       | Total Hours:  0.0  |
| Final Fees:         | $42,637.00  | Total Hours:  53.3 |

30.     Incorporated within this project category is time incurred by Province personnel while performing various functions related to the Debtors' efforts to obtain DIP financing.

**I.**   **Litigation**

|                     |           |                    |
| Unfiled Fees:       | $0.00     | Total Hours:  0.0  |
| Final Fees:         | $515.00   | Total Hours:  0.5  |

31.     Incorporated within this project category is time incurred by Province's personnel while performing various functions directly related to the Debtors' potential causes of action.

9

**J.**      **Sale Process**

| | | | |
|---|---|---|---|
| **Unfiled Fees:** | **$0.00** | **Total Hours:** | **0.0** |
| **Final Fees:** | **$11,642.00** | **Total Hours:** | **13.0** |

32.     Incorporated within this project category is time incurred by Province personnel while performing various functions directly related to the potential sale of the Debtors' assets.

## ACTUAL AND NECESSARY EXPENSES

33.     It is Province's policy to charge its clients for identifiable, non-overhead expenses incurred regarding the client's case that would not have been incurred except regarding the representation of that particular client.  It is also Province's policy to charge its clients only the amount actually incurred by Province regarding such items.  Such charges would include industry or company specific research as requested by counsel.  Examples of expenses are described below. Province **does not** charge for telephone calls (except the cost of specifically identified conference call charges), faxes, and other administrative expenses.  The policies employed by Province for seeking reimbursement for out-of-pocket travel expenses are as follows:

    i.    **Airfare/Train** – Costs incurred by Province professionals when traveling by air or train to/from other cities on behalf of the Committee are incorporated into this Application;

    ii.    **Ground Transportation** – Expenses incurred by Province professionals for local transportation while outside of their home cities (on matters related to these chapter 11 cases) are incorporated into this Application.  Such costs consist primarily of taxi-cab fares incurred by Province personnel while traveling.  Also incorporated within this category are expenses incurred by Province professionals regarding traveling to/from airports and parking at airports while traveling out-of-town on client matters;

    iii.    **Lodging** – Costs incurred by Province professionals for lodging while traveling on behalf of the Committee (on matters related to these chapter 11 cases) are incorporated into this Application;

    iv.    **Meals** – Costs incurred by Province professionals for meals while traveling outside of their home cities or for working lunch meetings (on matters related to these chapter 11 cases) are incorporated into this Application;

    v.    **Miscellaneous** – Costs incurred by Province professionals for various charges including supplies and financial research; and

vi.   **Telephone/Internet** – Costs incurred by Province professionals for conference calls and in-flight Wi-Fi.

### SUMMARY OF FEES AND EXPENSES FOR THE MONTHLY PERIOD

34.     The Application covers Province's fees and expenses incurred during the Unfiled Fee Period.  The fees incurred total $2,113.00 and the expenses incurred total $0.00.  These fees and expenses are consistent with Province's arrangement with the Committee and the terms of the Retention Order.  Province respectfully submits that if necessary, a consideration of these factors would result in this Court's allowance of the full compensation requested.

35.     *Time and expertise required*.  Province's professional services on behalf of the Committee have required 1.8 hours of time in this Unfiled Fee Period.  Province has staffed this case efficiently.  Where work could be performed by professionals with lower rates, Province used such professionals to perform the assignments.  A significant amount of the services rendered required a high degree of professional competence and expertise.  For those services, Province used senior professionals in the interest of staffing the case efficiently.

36.     This application further includes $2,500.00 for fees to be incurred after the filing of this Application and through the hearing for the Debtors' motion to dismiss

### U.S. TRUSTEE GUIDELINES

37.     The following is provided in response to the questions raised at ¶ C.5 of the U.S. Trustee Guidelines:

| **Question** | **Answer** |
|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? | No. |
| If the fees sought in this fee application as compared to the fees budgeted for the time | N/A |

| | |
|---|---|
| period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No. |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | Yes |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | Yes. |
| Does the fee application include any rate increases? | Yes. |

## BASIS FOR THE RELIEF REQUESTED

38.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals not more than once every 120 days after the commencement of the cases (or more often as the court may permit) and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.  *See* 11 U.S.C. § 331.  Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).

39.     Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> A.      the time spent on such services;

      B.     the rates charged for such services;

      C.     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

      D.     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

      E.     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

      F.     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

40.    In determining the reasonableness of fees, courts routinely employ the twelve factors set forth by the Fifth Circuit in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the professional due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the professionals; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. In *In re First Colonial Corp. of America*, 544 F.2d 1291, 1298-99 (5th Cir. 1977), *cert. denied*, 431 U.S. 904 (1977), the Fifth Circuit applied the *Johnson* factors to the analysis of fee awards in bankruptcy cases.

41.    Under an analysis utilizing the Johnson factors and the standards customarily applied to fee awards under sections 330 and 331 of the Bankruptcy Code, Province submits that its request for compensation and reimbursement of expenses is reasonable and proper, and that

such request should be allowed in the requested amount. Province devoted a substantial amount of time and effort addressing the numerous issues involved in these Chapter 11 Cases. Whenever possible, Province sought to minimize the costs of its services to the Committee by utilizing junior professionals and paraprofessionals to handle the more routine aspects of case administration. Province did not duplicate or overlap services and billing with other Committee professionals.

42.     Province respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary to effectively represent the Committee and the interests of the Debtors' estates and creditors, were performed economically, effectively and efficiently.

43.     Further, Province submits that consideration of the relevant *Johnson* factors establishes that the compensation requested is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest:

(a)     *The Time and Labor Required*. The professional services rendered by Province on behalf of the Committee have required the expenditure of substantial time and effort, as well as a high degree of professional competence and expertise, in order to deal with the many issues encountered with skill and dispatch. Province respectfully represents that the services rendered by it were performed efficiently, effectively and economically.

(b)     *The Novelty and Difficulty of Questions*. These Chapter 11 Cases are designated as "complex" cases and necessarily involved a significant number of novel or difficult issues in areas such as restructuring, litigation, and corporate finance. During these cases, Province provided assistance to the Committee and worked closely with the Committee's professionals and with the Debtors and their professionals on numerous complex issues.

(c)     *The Skill Required to Perform the Services Properly*. Province believes that its recognized expertise in the area of insolvency proceedings and reorganization, particularly before this Court, have contributed to the efficient and effective administration of these Chapter 11 Cases.

(d)     *The Preclusion of Other Employment by Province Due to Acceptance of the Case*. Province's representation of the Committee has not precluded its acceptance of new clients. However, the issues that have arisen in these Chapter 11 Cases required

attention on a continuing, and oftentimes emergent, basis, requiring Province's professionals to commit significant portions of their time to these cases.

(e)     *The Customary Fee*.  The fees sought herein are based upon Province's normal hourly rates for services of this kind.  Province respectfully submits that the hourly rates of its professionals are not unusual given the time expended in attending to the representation of the Committee.  Province's hourly rates and the fees requested herein are commensurate with fees Province has been awarded in other chapter 11 cases, as well as with fees charged by other professionals of comparable experience.

(f)     *Whether the Fee is Fixed or Contingent*.  The fees requested in this Application represent fees incurred based upon a fixed hourly rate basis, contingent upon the Court's approval of this Application.

(g)     *Time Limitations Imposed by Client or other Circumstances*.  Province provided capable representation within the time limitations imposed under the unique circumstances of these cases.  During these Chapter 11 Cases, there were numerous instances in which it was necessary for Province to deliver services on very short notice and under significant time constraints.

(h)     *The Amount Involved and Results Obtained*.  For the reasons described above, Province respectfully submits that the amount of fees for which compensation is sought is reasonable under the circumstances given the numerous matters that had to be addressed.

(i)     *The Experience, Reputation and Ability of Province*.  Province has extensive experience representing official creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases, including, as (i) financial advisor to the official committees of unsecured creditors in the A.B.C. Carpet, Alex and Ani, Armstrong Flooring, Aruze Gaming, Ascena Group, Avadim Health, BL Restaurants Holding, Carbonlite Holdings, Cherry Man Industries, Cyprus Mines, David's Bridal, DCL Holdings (USA), Destination Maternity, Eastern Outfitters, EHT US1 (Eagle Hospitality), Endo International, Francesca's Holding Corporation, Honx, Insys Therapeutics, Independent Pet Partners, Invacare, J Crew, Lucky's Market, L'Occitane, Mallinckrodt, Mountain Express Oil Company, Nielsen & Bainbridge (NBD Home), Neopharma, One Web, Papyrus, Path Medical, Pier 1, PBS Brand Co. (Punch Bowl), Purdue Pharma, Reverse Mortgage, Revlon, SiO2 Medical Products, Stimwave Technologies, TECT Aerospace Group, True Religion Apparel, Tuesday Morning, Virgin Orbit and White Stallion Energy matters; (Surgalign, The Rockport Company, Wesco Aircraft, confirm order approved before including highlighted names) (ii) financial advisor to the debtors in 4E Brands, Basic Energy Services, Cherry Man Industries, Cinemex Holdings USA, Codiak BioSciences, Coin Cloud, Frontsight Management, Penthouse Global Media, Superior Linen, True Religion Apparel, Vesta Holdings, and Woodbridge Group of Companies; and (iii) the trustee in Aegean Marine Petroleum, Advance Watch, American Apparel, Borden Dairy, CS Mining, Cycle Force, DCL, EBH Topco, Eclipse Berry Farms, Energy &

15

Exploration (ENXP), Fieldwood, Gump's, Invacare, La Paloma Generating Company, Limetree Bay Services, Mallinckrodt, Maxus Energy, Neogenix, PBS Brand Co. (Punch Bowl), Promise Healthcare Group, RadioShack Corporation, RMIT (Reverse Mortgage), and Samson Resources, Stimwave Technologies, among others.

(j)    *The Undesirability of the Case*.  Not applicable.

(k)    *Nature and Length of Professional Relationship*.  Not applicable.

(l)    *Awards In Similar Cases*.  As previously indicated, the fees sought herein are commensurate with fees Province has been awarded in other chapter 11 cases.

44.    In sum, the services rendered by Province were necessary and beneficial to the Committee and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the compensation for professional services and reimbursement of the expenses sought herein is warranted.

45.    No previous application for the relief sought herein has been made to this or any other Court.

*[Remainder of Page Left Intentionally Blank]*

**WHEREFORE**, Province respectfully requests (i) approval of compensation in the amount of $2,113.00 and reimbursement of actual and necessary expenses in the amount of $0.00 for a total allowance of $2,113.00 for the Unfiled Fee Period; (ii) approval of final compensation in the amount of $573,412.00 and final reimbursement of actual and necessary expenses in the amount of $1,972.64 for a total final allowance of $575,684.64 for the Final Fee Period (which includes $2,500.00 for fees to be incurred after the filing of this Application); (iii) the Debtors be authorized and directed to immediately pay the unpaid portion of said allowed fees and expenses to Province; and (iv) for such other and further relief as this Court deems proper.

Dated:   June 11, 2025

**PROVINCE, LLC**

By: */s/ Sanjuro Kietlinski*
Sanjuro Kietlinski, Partner
2360 Corporate Circle, Suite 340
Henderson, NV 89074
Telephone:    (702) 685-5555
Email:        skietlinski@provincefirm.com

*Financial Advisor to the Official Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June, 2025, a true and correct copy of the above and foregoing was caused to be served through this Court's CM/ECF noticing system to all parties registered to receive notice in these cases.

*/s/ Katharine Battaia Clark*
Katharine Battaia Clark