United States Bankruptcy Court
Southern District of Texas
**ENTERED**
June 27, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>NOBLE HOUSE HOME FURNISHINGS LLC,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-90773 (CML)<br><br>(Jointly Administered) |

**ORDER (I) DISMISSING CHAPTER 11 CASES,
AND (II) GRANTING RELATED RELIEF**
(Related Docket No. 714)

Upon the Debtors' motion (the "Motion"),[2] for entry of orders, pursuant to sections 105(a), 349, 554(a), 1112(a) and 1112(b) of the Bankruptcy Code and Bankruptcy Rules 1017, 2002, 6007 and 9013, (i) dismissing the Chapter 11 Cases, and (ii) granting related relief; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having determined that the legal and factual bases set forth in the Motion and admitted at the hearing on the Motion establish just cause for the relief granted herein; and the Motion and these Chapter 11 Cases having been filed and prosecuted by the Debtors and estate Professionals in good faith and with reasonable diligence and due care under the circumstances; and upon all

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Noble House Home Furnishings LLC (1671); Best Selling Home Decor Furniture, LLC (5580); Le Pouf, LLC (8197), NH Services LLC (9626), and Heavy Metal, Inc. (3124). The Debtors' service address in these Chapter 11 cases is 700 Milam Street, Suite 1300, Houston, TX 77002.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

4870-2471-5951.19 61051.002                             1

the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**, as set forth herein.

2. Pursuant to section 305(a) of the Bankruptcy Code, the Debtors' chapter 11 cases are hereby dismissed, as set forth herein.

3. Upon entry of this Order, Steven Balasiano, Esq. shall be appointed as the distribution agent (the "Distribution Agent"). The Distribution Agent shall liquidate the Remaining Assets (as identified in the Motion), cause distributions to be made to the Allowed 503(b)(9) Claims (defined below) in accordance with the terms of this Order, and be authorized, but not directed, to cause the wind down and dissolution of each of the Debtors (collectively, the "DA Responsibilities"). The Distribution Agent shall be empowered to take all actions necessary or appropriate to carry out and complete the DA Responsibilities, including the filing of any tax returns and paying amounts with respect thereto or other similar such actions to remain in compliance with applicable laws and regulations, and the Distribution Agent shall carry out the DA Responsibilities pursuant to his reasonable business judgment. The Distribution Agent shall be entitled to sign any papers or filings, and make any appropriate authorizations, on behalf of each of the Debtors, and any counterparty, clerk, agency, agent, or other person or entity shall accept such signature or authorization on behalf of the Debtors. For the avoidance of doubt, the Distribution Agent, or any agent or professional retained by him, shall have no personal liability for the Allowed 503(b)(9) Claims, Administration Costs, or any liability for any obligation of the Debtors or their estates arising prior to the date hereof. To the extent that the Distribution Agent resigns, becomes incapacitated, or is unable to serve, the

Distribution Agent or his agents and professionals shall be entitled to seek appropriate authority and guidance from the Bankruptcy Court. The Distribution Agent shall further be entitled to seek interpretation, clarification, or enforcement of this Order, or other relief regarding the terms of this Order, from the Bankruptcy Court and may reopen some or all of the Chapter 11 Cases for such purpose.

4. The Distribution Agent shall be compensated as follows (the "DA Compensation"): (i) an initial, one-time fee of $20,000.00 upon entry of this Order (the "Initial Fee"), and (ii) an annual fee of $20,000.00 each calendar year (the "Annual Fee"). The Distribution Agent shall be entitled to retain professionals or other agents and pay costs of discharging the DA Responsibilities, including the DA Compensation, the fees and expenses of any professionals or agents retained by the Distribution Agent, and other administrative and liquidation costs, from the Remaining Assets and any proceeds thereof (collectively, the "Administration Costs") and to establish an appropriate reserve to ensure payment of the Administration Costs and any other amounts required herein (the "Wind Down Reserve").

5. The Distribution Agent shall provide reporting no less than annually (the "Reporting"), beginning in 2026, no later than the conclusion of the first and third quarters, respectively, of the applicable calendar year, to the holders of any unsatisfied Allowed 503(b)(9) Claims and the board of directors of the Debtor Heavy Metal, Inc. (the "HMI Managers"). The Reporting shall provide (i) sufficient summaries of available assets, (ii) the progress made towards liquidating the Remaining Assets and expected timing to complete such liquidation and distribute proceeds thereof, (iii) the Administration Costs paid in the preceding calendar year, and (iv) the aggregate amount of any distributions made to the holders of the Allowed 503(b)(9) Claims in the preceding calendar year. Upon the completion of all distributions to the holders of

the Allowed 503(b)(9) Claims, the Distribution Agent shall notify the holders of the Allowed 503(b)(9) Claims and the HMI Managers.

6. Prior to transferring the Assets to the Distribution Agent, the Debtors shall pay any unsatisfied allowed administrative expense claims (if any), the UST Fees (defined below), the Final Allowed Professional Fee Claims (defined below). The Distribution Agent shall distribute the net proceeds of the Remaining Assets after their liquidation (the "Net Proceeds"), to the holders of the claims identified on **Schedule 1** hereto (collectively, the "Allowed 503(b)(9) Claims") on a pro rata basis on the amounts indicated therein until such Allowed 503(b)(9) Claims are satisfied or the Net Proceeds are exhausted. Each of the Allowed 503(b)(9) Claims identified on **Schedule 1** are hereby allowed in the amounts set forth therein and there are no other or further administrative expense obligations of the Debtors or their estates, except as set forth herein, and no interest shall be paid on account of the Allowed 503(b)(9) Claims.

7. Following entry of this Order, the dismissal of the Chapter 11 Cases, and the payment of all unpaid amounts of the Final Allowed Professional Fee Claims and the UST Fees, the Debtors are authorized and directed to transfer the Remaining Assets to, and at the direction of, the Distribution Agent or any entity designated by the Distribution Agent. The transfer of the Remaining Assets to the Distribution Agent shall be free of all liens, claims, encumbrances, and interests. Upon the transfer of the Remaining Assets to the Distribution Agent or his designee, the Remaining Assets shall not constitute property of the Debtors or their estates, and the Remaining Assets shall be used solely for purpose of making distributions on the Allowed 503(b)(9) Claims, Administration Costs, and any other amounts authorized herein and for no other purposes unless authorized by the Bankruptcy Court. No party shall seek to recover from

the Remaining Assets on account of any claim asserted or assertable against the Debtors or their estates which arose prior to the date hereof.

8.  The Debtors shall be obligated to file monthly operating reports and pay all quarterly fees under 28 U.S.C. § 1930 (the "UST Fees") to the U.S. Trustee through the date hereof.

9.  The Debtors shall pay all unpaid Professional Fees approved by the Bankruptcy Court on a final basis (the "Final Allowed Professional Fee Claims"). Upon entry of this Order, the Official Committee of Unsecured Creditors (the "Committee") shall be fully dissolved and its members shall have no further duty, obligation, right, or role arising from or related to these Chapter 11 Cases or their service on the Committee.

10. Upon entry of this Order, Epiq Corporate Restructuring, LLC's ("Epiq") appointment as claims and noticing agent is thereby terminated and Epiq shall deliver to the Clerk proofs of claim in accordance with the terms of the Order [Docket No. 23] authorizing the retention of Epiq and the Local Rules. Epiq may seek payment from the Distribution Agent or Debtors, as applicable, for fees and expenses incurred in connection with this Order or otherwise outstanding as of the date hereof.

11. Notwithstanding anything to the contrary, including, without limitation, section 349 of the Bankruptcy Code, all prior orders, releases, stipulations, settlements, rulings, findings, orders, and judgments of this Court made during the course of these Chapter 11 Cases (including this Order) shall remain in full force and effect, shall be unaffected by the dismissal of these Chapter 11 Cases, and are specifically preserved for purposes of finality of judgment and res judicata unless expressly amended or overruled by a subsequent stipulation, settlement, order or judgment of this Court, as applicable.  For the avoidance of doubt, nothing herein shall

affect or be deemed to dismiss that certain adversary proceeding styled GigaCloud Technology Inc. v. Wan Hai Lines (USA) Ltd.; Wan Hai Lines Ltd.; and Wan Hai Lines (Singapore) PTE Ltd., Adv. No. 25-03414 (the "GigaCloud Adversary") or otherwise affect the *Amended and Restated Order (i) Authorizing (A) the Sale of Certain Assets of the Debtors Free and Clear of Liens, Claims, and Encumbrances and (B) the Debtors to Enter into and Perform Under the Purchase Agreement and (ii) Granting Related Relief [Docket No. 199]* (the "Sale Order"). All parties' rights and defenses with respect to the GigaCloud Adversary and Sale Order are expressly preserved and unaffected by this Order.

12. To the extent applicable, Bankruptcy Rules 6004(h) and 6006(d) are waived and this Order shall be effective and enforceable immediately upon entry.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and of this Order and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice, and no further notice of this Order shall be required.

14. This Court shall retain exclusive jurisdiction and power with respect to all matters or disputes arising from or related to the implementation, interpretation, or enforcement of this Order and all matters or disputes arising from or related to the actions or conduct of the Distribution Agent.

Signed:  June 27, 2025

_____
Christopher Lopez
United States Bankruptcy Judge

## Schedule 1

### (*The Allowed 503(b)(9) Claims*)

| CLAIMANT NAME | CLAIM NUMBER | ALLOWED 503(b)(9) CLAIM AMOUNT |
|---|---|---|
| 19 FORESTRY JOINT STOCK COMPANY | 30018 | $69,262.20 |
| A-IHOME FURNITURE LTD | 30005 | $129,712.28 |
| BAZHOU HONGJIANG FURNITURE CO LTD | 30004 | $120,624.44 |
| CAB ASSIGNEE OF ANJI OUYUN FURNITURE CO | 10110 | $18,230.76 |
| CAB ASSIGNEE OF GOLDEN ART GROUP LTD | 10072 | $10,048.38 |
| CAB ASSIGNEE OF LANGFANG KAILIDE TRADE | 10029 | $16,115.10 |
| CAB ASSIGNEE OF SUZHOU WARM SUN LEISURE | 10122 | $25,076.32 |
| CAB ASSIGNEE OF XIAMEN GOLDEN HUANAN IMP | 10034 | $59,183.40 |
| CAMHA JOINT-STOCK COMPANY | 20003 | $239,281.73 |
| ECO TECH CO LTD | 30013 | $261,538.86 |
| ECOMATE SDN BHD | 30028 | $6,613.50 |
| FOREST PRODUCTS EXPORT JOINT STOCK CO | 30023 | $297,604.52 |

| | | |
|---|---|---|
| HA THANH IMPORT EXPORT COMPANY | 30053 | $493,655.93 |
| IFC TRADING COMPANY LIMITED | 30034 | $53,801.63 |
| JIANG SU CHAIRONE HOME FURNITURE CO LTD | 10028 | $617,925.17 |
| KINGSTON INDUSTRY VIETNAM LTD | 30048 | $109,465.47 |
| MOBILIA INTERNATIONAL SDN BHD | 30058 | $177,702.47 |
| PHU TAI JOINT STOCK COMPANY | 30008 | $417,654.57 |
| SF FURNITURE SDN BHD | 30059 | $123,559.20 |
| SUZHOU SHUSHI FURNITURE CO., LTD. | 10068 | $132,689.79 |
| TONGXIANG JASON IMPORT&EXPORT CO LTD | 30047 | $64,522.94 |
| UNITED PALLET SOLUTIONS LLC | 10005 | $10,995.60 |
| VINAFOR DANANG WOOD PROCESSING ENT | 20004 | $312,900.76 |
| WEGMANS FURNITURE INDUSTRIES SDN BHD | 30060 | $476,814.20 |
| **TOTAL:** | | **$4,244,979.22** |